**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

DESIREE MATTSSON, an individual

               Plaintiff,

     v.

PAT MCGRATH COSMETICS LLC, SEPHORA
USA, INC., SEPHORA.COM, INC., BERGDORF
GOODMAN, LLC, BERGDORFGOODMAN.COM,
LLC, SELFRIDGES & CO. LIMITED, and
JOHN DOES 1-10

               Defendants,
-------------------------------------------------------------------X
PAT MCGRATH COSMETICS LLC,

               Counterclaim Plaintiff,

     v.

DESIREE MATTSSON,

               Counterclaim Defendant.
-------------------------------------------------------------------X

Civil Action No.
21-cv-5187 (AJN)

Hon. Alison J. Nathan
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/21

**STIPULATION AND PROTECTIVE ORDER**
**CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**

       IT IS HEREBY STIPULATED AND ORDERED, that to protect the legitimate

interests of the parties and other persons (including non-parties) in maintaining the confidentiality

of certain sensitive or proprietary information that may be disclosed during the course of this

action, the undersigned parties agree, and this Court, orders as follows:

       1.     Designation of Material as Confidential.  Any party to the above-captioned

action or other person (including non-party) that provides discovery materials (whether by

producing documents, answering interrogatories, responding to requests for admissions, providing

testimony at a deposition or through some other discovery device) or serves or files any papers in

this action may designate such materials as "Confidential."  Any party to the above-captioned action also may designate as Confidential any materials produced by any non-party, if the materials are reasonably believed by the designating party to contain material which is Confidential to the designating party.  A designation of Confidential shall constitute a representation by the designating party and its counsel that they, in good faith, believe that the material so designated contains or constitutes trade secrets or other confidential research, development or commercial information.

        2.     <u>Designation of Material as Highly Confidential - Attorney's Eyes Only</u>. Any party to the above-captioned action or other person (including non-parties) may designate materials as "Highly Confidential - Attorney's Eyes Only" if such materials:  (a) satisfy the requirements for Confidential treatment set forth in paragraph 1 of this Stipulation and Protective Order; and (b) contain or constitute confidential information, which, if disclosed, could reasonably surrender a competitive advantage or foster a competitive disadvantage.  Any party to the above-captioned action may designate as Highly Confidential - Attorney's Eyes Only any materials produced by any non-party in accordance with the requirements of this paragraph 2, if the materials are reasonably believed to contain material which is Highly Confidential - Attorney's Eyes Only to the designating party.

        3.     <u>Information Not Confidential</u>.  Information shall not be designated as either Confidential or Highly Confidential - Attorney's Eyes Only if  (a) it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulation and Protective Order or other obligation of confidentiality; or (b) it is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order.

4.     <u>Designation of Documents And Other Material as Confidential or Highly Confidential - Attorney's Eyes Only</u>.  Materials may be designated as Confidential or Highly Confidential - Attorney's Eyes Only by stamping or otherwise marking the document, the portion of the document or the material as Confidential or Highly Confidential - Attorney's Eyes Only. Documents need not be designated Confidential or Highly Confidential - Attorney's Eyes Only at the time they are made available for inspection but may be so designated at the time copies are produced.  Until such time as copies are produced, all such documents shall be treated as Highly Confidential - Attorney's Eyes Only.

5.     <u>Designation of Deposition Testimony as Confidential or Highly Confidential - Attorney's Eyes Only</u>.  Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential or Highly Confidential - Attorney's Eyes Only, either on the record during the deposition or in writing at any time within thirty (30) days after actual receipt of the deposition transcript by counsel for the designating party or person. All deposition transcripts shall be deemed designated Highly Confidential - Attorney's Eyes Only for the thirty (30) days following receipt by counsel of such deposition transcripts.  The reporter shall also be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney).  The designation, sealing, and redaction of hearing transcripts shall be done in accordance with this Order and applicable rules.

6.     <u>Subsequent Designation of Materials As Confidential or Highly Confidential - Attorney's Eyes Only</u>.  Any material that is produced without being designated Confidential or Highly Confidential - Attorney's Eyes Only may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such material.  Disclosure of such material prior to its designation as Confidential or Highly

Confidential - Attorney's Eyes Only shall not violate the terms of this Stipulation and Protective Order, underline(provided), however, that where material is subsequently designated as Confidential or Highly Confidential - Attorney's Eyes Only, the non-designating parties shall use their best efforts to retrieve such material from persons no longer entitled to disclosure of such materials (if any) and prevent further disclosures except as authorized in this Stipulation and Protective Order.

7. <u>Use of Confidential and Highly Confidential - Attorney's Eyes Only Material</u>. Confidential and Highly Confidential - Attorney's Eyes Only material may be used by the non-designating party or person only in preparation for and conduct of this action and shall not be used for any other purpose except upon the prior written consent of the designating party or person or upon prior order of the Court. Nothing in this Stipulation and Protective Order shall prevent any party or person from using or disclosing its own Confidential or Highly Confidential - Attorney's Eyes Only material as it deems appropriate.

8. <u>Restrictions on the Disclosure of Material Designated as Confidential</u>. Confidential material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

(a) outside counsel of record and in-house counsel to the parties, and their respective staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b) those persons who are either a party, officer, director, employee, partner, member, trustee and/or agent of a party to the extent disclosure is reasonably necessary to assist counsel in the conduct of this action;

(c) independent experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons

employed or supervised by such persons), to the extent disclosure is deemed reasonably necessary to assist counsel in the conduct of this action or the expert or consultant in the conduct of his/her duties;

(d)     any person who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent disclosure is deemed reasonably necessary by counsel for the conduct of this action;

(e)     the Court and other courts (including court staff and jurors); and

(f)     court reporters, deposition transcript reporters and videographers.

Prior to the disclosure of material which has been designated Confidential to those persons or entities authorized under paragraphs 8(c) and (d) of this Order to receive such material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read. Such requirement shall also apply to in-house counsel to the parties. Upon reading this Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

9.     Restrictions on the Disclosure of Material Designated as Highly Confidential - Attorney's Eyes Only. Highly Confidential - Attorney's Eyes Only material and all information contained therein shall not be disclosed to, or discussed with, any person except:

(a)     outside counsel of record to the parties and persons who are in-house counsel whose duties do not include making business decisions relating to competition with the designating party, and their respective staffs (including legal

assistants, secretaries and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b)     independent experts, consultants and other persons from whom counsel may seek to obtain expert opinions (including persons employed or supervised by such expert), to the extent disclosure is reasonably necessary to assist counsel in the conduct of this action;

(c)     any person who is deposed or testifies in this action at the time of such deposition or testimony and counsel for such person, to the extent disclosure is reasonably necessary by counsel for the conduct of this action, but only where it expressly appears on the face of the Highly Confidential - Attorney's Eyes Only material or in the metadata produced therewith that the deponent has, prior to the deposition or testimony, seen the Highly Confidential - Attorney's Eyes Only material;

(d)     the Court and other courts (including court staff and jurors); and

(e)     court reporters, deposition transcript reporters and videographers;

10.     <u>Disclosure of Highly Confidential - Attorney's Eyes Only Material To Experts, Consultants and Other Persons</u>.  At least ten (10) business days prior to disclosure of Highly Confidential - Attorney's Eyes Only material to persons authorized under paragraphs 9(b) of this Order to receive such material, the party proposing to make such disclosure shall deliver to the designating party or person an Exhibit A Certification signed by, and the curriculum vitae of, the person to whom disclosure is proposed to be made.  If the designating party or person objects to the proposed disclosure, it shall deliver a written objection to the party proposing to make the disclosure within five (5) business days after receiving the Exhibit A Certification.  If a written objection to the proposed disclosure is not made within five (5) business days of receiving an

Exhibit A Certification, the disclosure may be made. If a written objection to the proposed disclosure is made by the designating party or person within five (5) business days of receiving an Exhibit A Certification, the party seeking to make the disclosure may seek a Court order permitting the disclosure. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the discovery materials sought to be disclosed are properly entitled to be treated as Highly Confidential - Attorney's Eyes Only under the terms of this Stipulation and Protective Order and that the proposed disclosure should not be allowed. If a timely objection to disclosure is made under this paragraph, the proposed disclosure shall not be made until such time as the Court authorizes such disclosure. To the extent that a party or person designates materials as Highly Confidential - Attorney's Eyes Only after receiving one or more Exhibit A Certifications and the designating party or person objects to providing access to such materials to one or more persons who signed an Exhibit A Certification, the designating party or person shall make its objection to such disclosure at the time such materials are so designated. Objections to such disclosure are to be resolved in the same manner as objections made within five (5) business days of receiving an Exhibit A Certification.

11. Protection Of Confidential and Highly Confidential - Attorney's Eyes Only Information. No information designated as Confidential or Highly Confidential - Attorney's Eyes Only may be disclosed to any person or entity other than those expressly identified above, except with the prior written consent of the producing party. In the event that information designated as Confidential or Highly Confidential - Attorney's Eyes Only is disclosed orally (*e.g.*, at a deposition, hearing or trial), the disclosing party shall have the right to exclude from attendance at said deposition, hearing or trial any person other than the deponent and those persons identified in paragraph 8 above (with respect to information designated as Confidential) or paragraph 9 above (with respect to information designated as Highly Confidential - Attorney's Eyes Only).

12.     <u>Inadvertent Production</u>.  If information subject to a claim of attorney-client privilege, work product or any other privilege is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person or sequester that material as to which the claim of inadvertent production has been made.  The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

13.     <u>Resolution of Challenges to Designations</u>.  Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular material which has been designated Confidential or Highly Confidential - Attorney's Eyes Only (or otherwise) contains or reflects proprietary or sensitive commercial or personal information or other confidential matter or confidential and/or proprietary information; (b) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as Confidential or Highly Confidential - Attorney's Eyes Only (or otherwise) need not be treated as such (as the case may be); (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not properly subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order.  No party to this action is obliged to challenge the protected status of any material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a

subsequent challenge thereto.  In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis.  In the event no agreement is reached, the non-designating party may seek an order removing the Confidential or Highly Confidential - Attorney's Eyes Only (or other) designation from the disputed material.  The non-designating party shall give no less than five (5) business days written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other material that counsel contends is not entitled to protection.  The designating party or person shall bear the burden on any such application to the Court, submitted in compliance with Rule 4(B) of the Individual Rules of Practice in Civil Cases of District Judge Alison J. Nathan, to demonstrate that the materials are properly designated as Confidential, Highly Confidential - Attorney's Eyes Only or otherwise (as the case may be) and are entitled to such protection.  Any document, testimony or other material as to which such a motion is made shall continue to be treated as Confidential or Highly Confidential - Attorney's Eyes Only (or otherwise) until the Court rules or the motion is otherwise resolved.

    14. <u>Filing of Confidential or Highly Confidential - Attorney's Eyes Only Material Under Seal</u>.  Where a Party seeks to submit material to the Court designated as Confidential and Highly Confidential - Attorney's Eyes Only by the submitting Party, the submitting Party may, in its discretion, bring a motion to file such documents under seal; where a submitting Party intentionally declines to seek an order sealing material designated as Confidential and Highly Confidential - Attorney's Eyes Only by the submitting Party, such material will no longer qualify for protection and subsequent treatment as Confidential and Highly Confidential - Attorney's Eyes Only under this Protective Order. In the event that a Party seeks to submit material to the Court designated as Confidential and Highly Confidential - Attorney's Eyes Only by another

Party, individual, or non-party, the submitting Party shall file the materials provisionally under seal in accordance with applicable rules, i.e., by filing a motion for leave to file under seal in accordance with Section 6 of the Electronic Case Filing Rules & Instructions of the United States District Court and Rule 4(B) of the Individual Rules of Practice in Civil Cases of District Judge Alison J. Nathan . Within five (5) business days after the filing of such a motion, the Parties will meet and confer regarding what information should be maintained under seal or redacted in the public filing. Within ten (10) business days after the filing of such motion, the Parties will (i) file either a joint submission or individual submission(s) regarding what information must be maintained under seal or redacted and (ii) file a public version of the paper(s) with redactions where appropriate. It will be the designating Party's responsibility to justify the need for maintaining the materials under seal to the Court. In the event leave to file under seal is granted by the Court, the party responsible for submitting a bundled courtesy copy of all papers to be filed with the Court or Clerk shall submit any materials Ordered to be sealed or redacted in a separate, sealed envelope, and shall be preceded by a cover page marked with the caption of the case and the following notation:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.
FILED UNDER SEAL. NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

15. <u>Copying</u>. Written materials containing information designated as Confidential or Highly Confidential - Attorney's Eyes Only may only be copied by the receiving party as follows:

(a) Copying of materials containing information designated as Confidential or Highly Confidential - Attorney's Eyes Only must be done by:

i. Counsel for the receiving party;

ii. persons employed by such counsel and under such counsel's supervision and control; or

iii.    an outside copying service engaged by counsel, with the copies made delivered directly to counsel.

(b)    The number of copies that may be made of materials containing information designated as Confidential or Highly Confidential - Attorney's Eyes Only shall be limited to those reasonably necessary for use by counsel and persons authorized to receive copies hereunder.  Each person referenced in paragraph 8(b) above or to in-house counsel referenced in paragraph 8(a) above that receives documents designated as Confidential or Highly Confidential by any other party or person shall not make or permit to be made any additional copies.

16.    <u>Receipt of Subpoena</u>.  If any party in possession of material designated Confidential or Highly Confidential - Attorney's Eyes Only under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such Confidential or Highly Confidential - Attorney's Eyes Only material, that party shall give prompt written notice to counsel for the party or person who designated the materials Confidential or Highly Confidential - Attorney's Eyes Only, and shall enclose a copy of the subpoena. Where possible, the party receiving the subpoena shall provide at least ten (10) business days notice to counsel for the party who designated the materials as Confidential or Highly Confidential – Attorney's Eyes only before production or other disclosure is made.

17.    <u>Return of Confidential or Highly Confidential - Attorney's Eyes Only Material Upon Termination of This Action</u>.  Except as provided in paragraph 7 above, within 30 days after the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any material designated Confidential or Highly Confidential - Attorney's Eyes Only and any copies thereof shall be returned to the designating party or person (except that counsel to the parties may retain copies of pleadings, correspondence and work product notwithstanding the

fact that such materials may contain information based upon, or derived from, Confidential or Highly Confidential - Attorney's Eyes Only materials); in lieu of having such material returned, the designating party or person may elect to permit the receiving parties to destroy such material, in which event the receiving parties shall certify in writing that all such material has been destroyed within 30 days after the final conclusion of this action (including any appeals).  The Court shall retain jurisdiction to enforce this Stipulation and Protective Order after the conclusion of this action.

18.    <u>Further Protection or Relief From this Order</u>.  Nothing contained in this Order shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective order relating to (i) material designated Confidential or Highly Confidential - Attorney's Eyes Only, (ii) material which may not fall within the definitions of Confidential or Highly Confidential - Attorney's Eyes Only material, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown.  Nothing in this Order shall be construed as preventing any party from making application to the Court for revision or modification of the terms of this Order.

<u>Court Approval</u>.  The parties agree forthwith to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved as of the date of execution, and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: December 13, 2021

By: _/ s / _ Maria Savio
GOTTLIEB, RACKMAN & REISMAN, P.C.
   Maria A. Savio, Esq.
   George Gottlieb, Esq.
   Patrick B. Monahan, Esq.
   Shane Wax, Esq.
   270 Madison Avenue
   New York, New York 10016-0601
   Tel: (212) 684-3900

   Attorneys for Plaintiff Desiree Mattsson

Dated: December 13, 2021

By: _/ s / _ Ruvin S. Jayasuriya
BALLARD SPAHR LLP
   Lynn Eileen Rzonca
   Ruvin S. Jayasuriya
   Noah Robbins
   1735 Market St., 51st Floor
   Philadelphia, PA 19103

   Marjorie Joan Peerce
   1675 Broadway, 19th Floor
   New York, NY 10019

   Attorneys for Defendant-Counter
   Plaintiff Pat McGrath Cosmetics LLC
   and Defendants Bergdorf Goodman, LLC,
   Bergdorfgoodman.com LLC, Sephora USA,
   Inc., Sephora.com, Inc. and Selfridges & Co.
   Ltd.

Dated: December 13, 2021

By: _/ s / _ Courtney J. Peterson
BRYAN CAVE LEIGHTON PAISNER LLP
   Courtney Janae Peterson, Esq.
   1290 Avenue of the Americas
   New York, New York 10104

   Attorneys for Defendants
   Bergdorf Goodman, LLC and
   Bergdorfgoodman.com LLC

SO ORDERED: _____
               Hon. Alison J. Nathan, U.S.D.J.
               December 20, 2021

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
DESIREE MATTSSON, an individual

                      Plaintiff,

        v.

PAT MCGRATH COSMETICS LLC, SEPHORA USA,
INC., SEPHORA.COM, INC., BERGDORF GOODMAN,
LLC, BERGDORFGOODMAN.COM, LLC, SELFRIDGES
& CO. LIMITED, and
JOHN DOES 1-10

                   Defendants,
-----------------------------------------------------------------------X
PAT MCGRATH COSMETICS LLC,

              Counterclaim  Plaintiff,

        v.

DESIREE MATTSSON,

             Counterclaim Defendant.
-----------------------------------------------------------------------X

ECF CASE

Civil Action No.
21-cv-5187 (AJN)

Hon. Alison J. Nathan
United States District Judge

## AGREEMENT CONCERNING MATERIAL
## <u>COVERED BY PROTECTIVE ORDER</u>

      The undersigned hereby certifies that he/she has read the Stipulation and  Protective Order

entered in this action by the United States District Court for the Southern District of New York on

_____, 202_, that he/she understands the terms thereof and that he/she agrees to be bound by

such terms.  The undersigned further acknowledges that it submits to the jurisdiction of this Court and

shall not challenge this Court's jurisdiction to enforce this Order.

                                     _____
                                     SIGNATURE

                                   _____
                                     NAME (PRINTED)

                                   _____
                                     AFFILIATION/COMPANY

                                   _____
                                   DATE