UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESIREE MATTSSON, an individual,

                Plaintiff,

-v-

PAT MCGRATH COSMETICS LLC, SEPHORA USA, INC.
SEPHORA.COM, INC., BERGDORF GOODMAN, LLC,
BERGDORFGOODMAN.COM LLC, SELFRIDGES RETAIL
LIMITED, and JOHN DOES 1-10,

                Defendants.

CIVIL ACTION NO.: 21 Civ. 5187 (JSR) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the motion of Pat McGrath Cosmetics LLC ("PMG") asking the Court to require Plaintiff Desiree Mattsson ("Ms. Mattsson") to post a bond in this copyright infringement action, which arises from PMG's alleged unauthorized use of one of Ms. Mattsson's photographs. (ECF No. 96 (the "Bond Motion")). For the reasons set forth below, the Bond Motion is DENIED.

## II. BACKGROUND

The Court incorporates by reference the factual and procedural background set forth in the Opinion and Order dated May 25, 2022 denying Defendants'[1] motion to bifurcate, and

---

[1] The term "Defendants" includes PMG, Sephora USA, Inc. ("Sephora"), Bergdorf Goodman, LLC ("Bergdorf"), and Selfridges Retail Limited ("Selfridges") (Sephora, Bergdorf, and Selfridges, the "Retail Defendants"). (ECF No. 93 at 5). Ms. Mattsson also named as a Defendant Amazon.com, Inc., against whom she later voluntarily dismissed her claims without prejudice. (ECF Nos. 53 ¶ 10; 72). Not at issue in the Bond Motion are Defendants John Does 1-10, who allegedly purchased goods from PMG and resold

employs the same defined terms as appear therein. See Mattson v. Pat McGrath Cosmetics LLC, No. 21 Civ. 5187 (JSR) (SLC), 2022 WL 1658516 (S.D.N.Y. May 25, 2022). (See ECF No. 153).

### III. DISCUSSION

#### A. Legal Standards

Defendants ask the Court to require Ms. Mattsson post a bond pursuant to Rule 54.2 of the Local Civil Rules of the Southern and Eastern Districts of New York ("Rule 54.2"). (ECF No. 97 at 5). Rule 54.2 provides:

> The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

Courts in this District have acknowledged that "[t]he 'costs' for which courts may require a security include the reasonable attorneys' fees available to a prevailing defendant under Section 505 of the Copyright Act." Sands v. Bauer Media Grp. USA, LLC, No. 17 Civ. 9215 (LAK), 2019 WL 5395602, at *1 & n.2 (S.D.N.Y. Oct. 22, 2019) (collecting cases).

"Courts have broad discretion in deciding whether a party should be required to post such a bond." Khaldei v. Kaspiev, No. 10 Civ. 8328 (JFK) (GWG), 2014 WL 7373383, at *1 (S.D.N.Y. Dec. 30, 2014) (quoting Beautiful Jewellers Priv. Ltd. v. Tiffany & Co., No. 06 Civ. 3085 (KMW) (FM), 2008 WL 2876508, at *2 (S.D.N.Y. Jul. 21, 2008); see also Zlozower v. Highsnobiety Inc., No. 18 Civ. 1120 (GBD) (BCM), (ECF No. 39) (S.D.N.Y. Nov. 6, 2018). Under Local Rule 54.2, factors

---

them, or Sephora.com and BergdorfGoodman.com, LLC, two non-operating entities also named as Defendants. (ECF No. 53 ¶¶ 8, 13).

for the Court to consider in determining whether to impose a bond include: "[1] the financial condition and ability to pay of the party at issue; [2] whether that party is a non-resident or foreign corporation; [3] the merits of the underlying claims; [4] the extent and scope of discovery; [5] the legal costs expected to be incurred; and [6] compliance with past court orders." Selletti v. Carey, 173 F.R.D. 96, 100–01 (S.D.N.Y. 1997) ("Selletti I"), aff'd, Selletti v. Carey, 173 F.3d 104 (2d Cir. 1999).  A court "does not need to [] consider[]" each factor in every case. Rice v. Musee Lingerie, LLC, No. 18 Civ. 9130 (AJN), 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019).  "In copyright cases, courts rely frequently on the fifth and sixth factors, at times to the exclusion of the other four." Sands, 2019 WL 5395602, at *1 & n.4; see Rice, 2019 WL 2865210, at *2 (collecting cases).

### B. Application

The Court finds that the only factors arguably in favor of requiring Ms. Mattsson to post a bond in this case are the first and second—her financial condition and her non-resident status. As to these factors, Ms. Mattsson, a citizen of Norway (ECF No. 53 ¶ 6), effectively concedes that she would be unable to post a bond and might be forced to abandon claims that she believes are meritorious. (ECF No. 108 at 7, 30).  See Khaldei, 2014 WL 7373383, at *1 (noting that defendant's concession as to his financial condition weighed in favor of requiring bond); Sea Trade Co. Ltd. v. Fleetboston Fin'l Corp., No. 03 Civ. 10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) (finding that plaintiffs' foreign status weighed in favor of requiring bond).  Thus, the first and second factors favor requiring a bond.

The Court finds that the remaining four factors, however, including the two courts have deemed most important in copyright cases, weigh against requiring Ms. Mattsson to post a bond. As to the third factor, courts in this District have recognized that, in deciding whether to impose

3

a bond under Rule 54.2, the Court "need not look to the merits of" Ms. Mattsson's claims. Sands, 2019 WL 5395602, at *1. PMG filed an answer to the TAC, rather than challenging the facial plausibility of her claims, and asserted its own counterclaims against her. (ECF No. 66). While PMG's answer is by no means a concession as to the merits of Ms. Mattsson's claims, the Court recognizes that, at this point in the litigation, Ms. Mattsson's TAC "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Geffner v. Coca-Cola Co., 928 F.3d 198, 199 (2d Cir. 2019). As the parties' extensive merits arguments in their submissions on the Motion demonstrate, at a minimum, "the case has not been sufficiently developed to suggest that either [side] is likely to prevail." K.M. v. Maclaren USA, Inc., No., 10 Civ. 7942 (LTS) (RLE) 2011 WL 1900137, at *5 (S.D.N.Y. Apr. 7, 2011) (denying bond motion); see Khaldei, 2014 WL 7373383, at *1 (S.D.N.Y. Dec. 30, 2014) (deferring analysis of merits in denying bond motion). Because, at this juncture, the possibility remains that Ms. Mattsson could recover on one or more of her theories of PMG's liability, this factor weighs against requiring a bond.[2]

Considering the fourth and fifth factors together, "discovery in this case is 'perhaps extensive [but] not particularly unusual in magnitude.'" Khaldei, 2014 WL 7373383, at *1 (quoting RLS Assocs., 2005 WL 578917, at *1). This is a dispute about a single photograph—the Fly Face Image—that a single defendant—PMG—allegedly used in violation of the Copyright. While PMG allegedly used the Fly Face Image on multiple products as to which the Retail Defendants may need to produce sales information, those circumstances do not render this copyright action more extensive than the typical copyright case with which Judge Rakoff and the

---

[2] The Court notes that Ms. Mattsson "has given up her right to elect statutory damages," and seeks only actual damages. (ECF No. 124 at 6 n.6; see ECF No. 113-3 at 1).

4

undersigned are familiar. See, e.g., Grecco v. Age Fotostock Amer., Inc., No. 21 Civ. 423 (JSR), 2021 WL 5567615 (S.D.N.Y. Nov. 29, 2021) (copyright infringement action involving photographs); McDermott v. NYFireStore.com, Inc., No. 18 Civ. 10853 (AJN) (SLC), 2021 WL 952455, at *5 (S.D.N.Y. Jan. 15, 2021) (copyright infringement action involving single photograph). Furthermore, this case will not be bifurcated, and fact discovery is due to end by mid-August. (ECF Nos. 146). See Mattson, 2022 WL 1658516 at *5. To the extent that PMG's complaints about the overbreadth of Ms. Mattsson's discovery requests have any validity, (ECF No. 97 at 14–16), the Court observes that Judge Rakoff has held two discovery conferences in the last month, made rulings on outstanding discovery, and directed the parties to request a conference "in the event that production is deficient or there are further delays." (ECF min. entry May 25, 2022; see ECF No. 146). Thus, there is minimal, if any, risk of runaway fact discovery. See Trombetta v. Novocin, No. 18 Civ. 993 (RA) (SLC), 2020 WL 6365171, at *3 (S.D.N.Y. Oct. 29, 2020) (noting court's ability to "exercise careful oversight [to] help the parties focus their discovery requests and resolve promptly any disputes"). Finally, PMG has not served an offer of judgment pursuant to Federal Rule of Civil Procedure 68, such that any award of attorneys' fees and costs under Section 505 of the Copyright Act if PMG were to prevail is "not automatic." Medforms, Inc. v. Healthcare Mgmt. Sols., Inc., 290 F.3d 98, 117 (2d Cir. 2002); see Bayoh v. Afropunk LLC, No. 18 Civ. 5820 (DLC), 2021 WL 736733, at *2 (S.D.N.Y. Feb. 23, 2021) ("A prevailing party in a copyright action is not awarded 'attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment.'") (quoting Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016) (citation omitted)); see also 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs by or against any party . . .") (emphasis

added). The Court therefore steeply discounts PMG's projection that the case will involve "expansive" discovery or an award of significant costs as would justify imposing a bond. (ECF No. 97 at 14).

As to the sixth factor, "PMG does not contend [Ms.] Mattsson has presently violated any orders of the Court nor do they in any way intend to cast aspersions on the good faith of [her] counsel." (ECF No. 97 at 15 n.3). The Court affords no credibility to PMG's subsequent attempt in its Reply to backtrack on this concession by describing Ms. Mattsson's amendments to her pleadings and requests for judicial intervention on discovery disputes as "vexatious conduct[.]" (ECF No. 113 at 10–13). PMG still does not (and cannot) point to a Court order with which Ms. Mattsson has failed to comply. Ms. Mattsson is therefore distinguishable from the litany of plaintiffs who were ordered to post a bond because their past non-compliance with court orders evidenced poor likelihood of compliance with any future court orders to pay defendants' attorneys' fees and costs. See, e.g., Sands, 2019 WL 5395602, at *2 (finding that plaintiff's non-compliance with prior court orders provided "reason to doubt" his compliance with order to pay defendant's attorneys' fees and costs); see Rice, 2019 WL 2865210, at *3 (finding that history of sanctions imposed on plaintiff's counsel weighed in favor of imposing bond on plaintiff); see also Beautiful Jewellers, 2008 WL 2876508, at *3–4 (imposing bond where plaintiff conceded that "its compliance with several [] discovery orders ha[d] been less than perfect" and court found that plaintiff had caused discovery to "proceed[] at a snail's pace"); see also Selletti I, 173 F.R.D. at 103 (imposing a bond and sanctions of $5,000 for "repeatedly and wilfully violat[ing] [the court's] discovery orders"). None of the behavior described in these cases has occurred in this action, and PMG has not provided any grounds to justify a concern that Ms. Mattsson or her counsel

6

"will evade court orders, or not proceed with this litigation prudently." Rice, 2019 WL 2865210, at *3.

The Court finds that the balance of factors under Rule 54.2 weighs against PMG, and therefore declines to require Ms. Mattsson to post a bond.

### IV. CONCLUSION

For the reasons set forth above, PMG's Motion for an order requiring Ms. Mattsson to post a bond is DENIED. The Clerk of the Court is respectfully directed to close ECF No. 96.

Dated:    New York, New York
          May 27, 2022

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge